UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
DOCKET NO. 1:13-cv-00317-MOC

| | |
|---|---|
| IN RE: )<br>BILTMORE INVESTMENTS, LTD, )<br> )<br>       Debtor. )<br> )<br>_____ )<br> )<br>WILLIAM SCHIFINO, SR., et al., )<br> )<br>       Appellants, )<br> )<br>Vs. )<br> )<br>BILTMORE INVESTMENTS, LTD, )<br> )<br>       Appellee. )<br> )<br> ) | ORDER |

**THIS MATTER** is before the court on appellants' Motion for Approval of Supersedeas Cash Bond (#2), which invokes Rule 62, Federal Rules of Civil Procedure, via Rule 7062 of the Federal Rules of Bankruptcy Procedure. Issuance of a stay pending an appeal of a bankruptcy court order is also governed by Rule 8005 of the Federal Rules of Bankruptcy Procedure, which appellant has also cited.

If a party requesting a stay pending appeal is <u>not</u> granted such relief by the bankruptcy court, Rule 8005 permits the filing of a motion for stay with the district court. Fed. R. Bankr.P. 8005. <u>Foster v. Wynne</u>, 2012 WL 4458476 (W.D.Va. June 5, 2012). Review of the pleadings in this matter (as well as the underlying action in bankruptcy) reveals that an identical Motion for Approval of Supersedeas Cash Bond was filed in the Bankruptcy Court simultaneously with the filing in this matter.

1

Considering the motions filed in both courts, this court concludes that appellant intended the Bankruptcy Court to consider its motion in the first instance, especially since the proposed order is for signature by the bankruptcy judge and the motion does not otherwise comply with Local Civil Rule 7.1, which requires reflection of consultation with opposing counsel. In any event, this court would prefer that the Bankruptcy Court consider such motion in the first instance as it is familiar with the conduct which it concluded was sanctionable and is better positioned to determine whether the proposed amount of bond is sufficient.

**ORDER**

**IT IS, THEREFORE, ORDERED** that appellants' Motion for Approval of Supersedas Cash Bond (#2) is denied without prejudice as improvidently filed as a "motion" rather than a notice of the pendency of such motion in the bankruptcy proceeding.

The Clerk of this Court shall transmit a copy of this Order to the Clerk of the Bankruptcy Court for filing in the underlying actions, In Re: Biltmore Investments, LTD, No. 11-01021.

Signed: December 30, 2013

Max O. Cogburn Jr.
United States District Judge